**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TONY GRIFFIS,

       Plaintiff,

vs.                                                      CASE NO.  3:07-cv-771-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____

### ORDER AND OPINION

       This matter is before the Court on Plaintiff's complaint (Doc. #1) seeking review of

the final decision of the Commissioner of the Social Security Administration (the

Commissioner) denying Plaintiff's claim for disability insurance benefits (DIB).  42 U.S.C.

§ 405(g) (2007).  Plaintiff filed a legal brief in opposition to the Commissioner's decision

(Doc. #8, P's Brief).  Defendant filed his brief in support of the decision to deny disability

benefits (Doc. #10, D's Brief).   The Commissioner has filed the transcript of the

administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page

number).  Upon review of the record, the Court found the issues raised by Plaintiff were

fully briefed and concluded oral argument would not benefit the Court in making its

determinations.  Accordingly, the matter has been decided on the written record.  For the

reasons set out herein, the decision is **REVERSED and the case is remanded for further**

**proceedings**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

In this case, Plaintiff protectively filed an application for DIB on September 23, 2004 (Tr. 57).  Plaintiff's application for DIB was completed on October 6, 2004 (Tr. 58-62).  Plaintiff alleged a disability onset date of January 26, 2004 (Tr. 58).  He alleged an inability to work due to back pain, for which he had undergone three surgeries (Tr. 94, 517).  Additionally, Plaintiff alleged he suffers from a heart condition (Tr. 94, 519), lack of sense of smell and ringing in his ears (Tr. 521).  Plaintiff was represented by Mr. Michael Seelie, Esq., during the underlying administrative phase of this case (Tr. 26, 508-08).  After being denied initially and upon reconsideration, Plaintiff requested a hearing, which was held on May 9, 2006 in Jacksonville, Florida before Administrative Law Judge (ALJ) JoAnn Anderson (Tr. 506-49).  Plaintiff appeared and testified at the hearing, as did Vocational Expert (VE) Melissa Howell. Certified Vocational Evaluation Specialist Jerry G. Albert, M.Ed., appeared and testified as an expert witness for Plaintiff.

Plaintiff was forty-nine (49) years old at the time of the administrative hearing.[1] Plaintiff has a high school education  (Tr. 514) and previously worked as a tree surgeon helper, dump truck driver and construction worker (T. 514-16).

On September 8, 2006, ALJ Anderson issued a hearing decision denying Plaintiff's claim (Tr. 11-21).  Subsequently, Plaintiff requested review of the decision by the Appeals Council (AC) and submitted additional medical records from Dr. Gary Dopson, M.D. and the Disability Determination Section of the Division of Retirement for the State of Florida to the AC for consideration (Tr. 501-04).  Upon consideration of the newly submitted

---

[1] The record reflects Plaintiff was born December 22, 1956 (Tr. 58, 514).

evidence, the AC denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner (Tr. 5-9).

Mr. Erik. W. Berger, Esq., now represents Plaintiff in this case.[2]  The instant action was filed in federal court on August 21, 2007 (Doc. #1, complaint).

The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs, the materials provided in the transcript of the underlying proceedings, and the records presented to the Appeals Council.

## SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION
## AND THE STANDARD OF REVIEW

A plaintiff is entitled to disability benefits when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months.  20 C.F.R. § 404.1505.[3]  The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 404.1520; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden temporarily shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ's decision dated September 8, 2006 denied Plaintiff's claim (Tr. 11-21).  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity at any time

---

[2]From review of the record, it appears Mr. Berger's representation of Plaintiff began at some point during the AC review of the ALJ's decision (*see* Tr. 8, enclosing copy of AC denial to Mr. Berger).

[3] All references to 20 C.F.R. shall be to the 2008 edition, unless otherwise noted.

relevant to the decision (Tr. 16).  ALJ Anderson found Plaintiff's date last insured for DIB

to be December 31, 2009 (Tr. 16).   At step two, the ALJ found Plaintiff had the severe

impairments of lumbar degenerative disc disease and status post aortic valve replacement

(Tr. 16). At step two, the ALJ further found Plaintiff's depression to be non-severe (Tr. 16).

At step three, the ALJ found these impairments did not meet or equal, either singly or in

combination with any other impairment, any of the impairments listed in Appendix 1,

Subpart P of the Regulation No. 4 (Tr. 17).   The ALJ determined that Plaintiff had the

residual functional capacity (RFC) to perform sedentary work with the ability to sit or stand

for a maximum of one hour at a time and limitations the Plaintiff can occasionally balance,

stoop, crouch and kneel, but cannot climb or crawl (Tr. 17).   At step four, the ALJ

determined that Plaintiff could not perform any past relevant work (Tr. 19).   Relying in part

on the testimony of the VE, the ALJ determined at step five that Plaintiff could perform

other work that exists in significant numbers in the national economy (Tr. 20).   Thus, ALJ

Anderson determined Plaintiff was not disabled within the meaning of the Social Security

Act (Tr. 20-21).

This Court's review is generally limited in scope to determining whether the ALJ

applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.

1988), and whether the findings are supported by substantial evidence, *Richardson v.

Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if

supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than

a scintilla, but less than a preponderance-- in other words, the evidence must do more than

merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion.

4

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.")  It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations.  20 C.F.R. § 404.704.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

The Commissioner must apply the correct law and demonstrate that he has done so.  While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence,

but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## ANALYSIS

Plaintiff raises two main issues on appeal.  Plaintiff challenges whether substantial evidence supports the decision of the ALJ to "completely disregard the opinions offered by Jerry Albert, M.Ed., CRC, CVE, a certified vocational evaluation specialist"(P's Brief at 1, 16-19).  Second, Plaintiff alleges the Appeals Council's decision to deny review of the ALJ's decision was improper (P's Brief at 1, 19-25).

Defendant argues the ALJ's decision to deny disability benefits is supported by substantial evidence and the AC properly denied Plaintiff's request for review (*see generally* D's Brief).  More specifically, Defendant argues the ALJ "properly chose not to give determinative weight to the testimony of Mr. Albert" (D's Brief at 6) and "[s]ince there is substantial evidence on the record as a whole, and the evidence to the Appeals Council would not have changed the outcome, the Appeals Council did not err when it denied review" (D's Brief at 15-16).

The Court finds Defendant's arguments miss the mark and disregard obvious flaws in the ALJ's decision.  The ALJ's determination to disregard the opinions of Plaintiff's vocational evaluation specialist is not supported by substantial evidence.[4]  The ALJ failed to address what, if any, erosion occurs to the less than full sedentary work base under

[4]For purposes of discussion, the Court adopts Defendant's assertion that Mr. Jerry Albert, M.Ed., CRC, CVE is a vocational expert within the meaning of the term as used by the Social Security Administration (*see* D's Brief at 1, noting "two vocational experts appeared and testified at the hearing").

6

Plaintiff's RFC, if Plaintiff lacks the ability to perform handling and fingering functions frequently required in unskilled sedentary jobs.  Such flaws require the case be remanded.

As noted above, the ALJ found in Plaintiff's favor through step four of the sequential evaluation process.  Thus, Plaintiff carried his burden of establishing a severe impairment or combination of impairments that keeps him from performing his past work.  20 C.F.R. § 404.1512; *see also Christensen v. Astrue*, No. 5:07cv154/RS-EMT, 2008 WL 4192718, at *3 (N.D. Fla. Sept. 9, 2008).  Upon determining Plaintiff could not return to his past relevant work, the burden shifted to the Commissioner to show other work in the national economy that Plaintiff could perform given his RFC and vocational factors.  20 C.F.R. § 404.1560(c); *Bowen v. Yuckert*, 482 U.S. at 146 n.5 (discussion of burden shifting in disability benefits cases); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (holding that a claimant must prove that he is unable to perform the jobs listed by the Commissioner).  As is often done in these cases, the ALJ utilized the services of a vocational expert to testify what, if any, other work in the economy, a person with Plaintiff's RFC and vocational factors could perform (Tr. 536-43).

The hypothetical question posed by ALJ Anderson to vocational expert Melissa Howell was:

> If you would, for purposes of my hypothetical question, consider an individual that's 49 years of age with a high school education and prior work experience as described.  It's been medium to very heavy unskilled work.  And I would ask you for purposes of my first question, if you would consider that the individual is limited to sedentary employment in terms of lifting, which is defined as ten pounds occasionally and less than ten pounds frequently.  And that in addition to that there are – let me just get to my page here, the individual should not be in a position which requires them to do any climbing or crawling.  Other postural activities could be performed occasionally such as stooping, crouching, kneeling and bending.  And that individual would need to be able to alternate positions during the workday so that they would

7

not required to be seated or be on their feet for longer than one hour at a time without the opportunity to switch positions.  And, yeah, just consider those restrictions at this point and time.

(Tr. 541-42).

Ms. Howell provided three examples of other jobs in the economy that would accommodate those limitations.  Specifically, she identified the jobs of food and beverage order clerk listed under DOT § 209.567-014, telephone quotation clerk listed under DOT § 237.367-046, and addresser listed under DOT § 209.587-010 (Tr. 542).[5]

When the ALJ next inquired as to the handling and fingering requirements of the identified jobs, Ms. Howell responded that reaching, handling and fingering were frequent activities in all three jobs (Tr. 543).  According to Ms. Howell, the DOT defines frequently as one-third to two-thirds of the workday (Tr. 546).

Once the Commissioner, by and through the ALJ, demonstrated the existence of other work in the economy that Plaintiff can perform, the burden shifted back to the Plaintiff to prove he is unable to perform the jobs suggested by the Commissioner.  *Jones v. Apfel,* 190 F.3d at 1228*; Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

In this instance, Plaintiff provided expert testimony from vocational evaluation specialist Mr. Jerry Albert to rebut the presumption Plaintiff can perform the identified jobs and to set forth the proposition that the sedentary work base is eroded to the degree there are no jobs of a practical nature that Plaintiff could perform with his limitations (Tr. 532-36).  In reaching this vocational opinion, Mr. Albert relied upon his own observations, the history provided by Plaintiff, review of Plaintiff's medical records, and the test results of several

---

[5]The references to "DOT" are short form citations to the United States Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991).

objective clinical tests he administered to Plaintiff during the course of his consultative examination (*see* Tr. 118-25; 532-36).

Mr. Albert's report provides testing results for the Raven Standard Progressive Matrices, The Peabody Individual Achievement Test, The Bennett Mechanical Comprehension Test, and the Crawford Small Parts Dexterity Test (Tr. Tr. 123-24). Of particular note, is Mr. Albert's observations of Plaintiff during the Crawford Small Parts Dexterity Tess and the results of that test. Reportedly, Plaintiff dropped many of the parts and had great difficulty handling small parts (Tr. 124-25). Apparently, Plaintiff also complained of pain in the right hand and right thumb during the test and reported to Mr. Albert that he has arthritis in his hands and back (Tr. 118, 123-24).

The Crawford Small Parts Dexterity Test is a vocational test used to assess hand-eye coordination and fine motor dexterity to help in predicting success and efficiency in jobs that require manual dexterity and fine precision finger movements. *See Muncy v. Apfel*, 247 F.3d 728, 732 (8th Cir. 2001) (identifying the Crawford Small Parts Dexterity Test as work simulation testing); *Freels v. United States Railroad Ret. Bd.,* 879 F.2d 335, 342 (8th Cir. 1989) (Heaney, C.J., dissenting) (noting the Crawford Small Parts Dexterity Test was among the vocational functioning tests administered to the plaintiff in the case); *DiStefano v. Bowen*, 689 F.Supp. 32, 33 (D. Mass. 1988) (referring to the record that was before the Appeals Council of the Social Security Administration, which included a report of the results of the Crawford Small Parts Dexterity Test and on which the plaintiff scored at or below the first percentile); *also see* Crawford Small Parts Dexterity Test from Pearson Assessment at http://www.pearson-uk.com/ProductComparison.aspx?n=1342&s=1348 (last visited Sept. 23, 2008).

Notably, neither the results of the tests administered by Mr. Albert, nor his professional qualifications were challenged by the ALJ or by Defendant in responding to this appeal.[6]   This Court's review of Mr. Albert's background reveals Mr. Albert to be a specialist with over thirty years of experience in the vocational evaluation and rehabilitation field.  Mr. Albert's background convinces the undersigned he was competent to conduct the cited vocational tests.

In attempting to discount the opinion of Mr. Albert, the ALJ found "[t]he opinion evidence from the vocational expert that the claimant cannot do fine fingering, handling, and manipulations is not supported by any medical or other evidence of record" (Tr. 19).  However, review of the record reveals this finding is erroneous.[7]

_____

[6]Mr. Albert's curriculum vitae is found on pages Tr. 126-30.

[7]Defendant points out that the ALJ also found Dr. Rogozinski, Plaintiff's treating orthopedic surgeon, "specifically reported that Plaintiff did not have any limitations on grasping or fine manipulations in either hand" (D's Brief at 5, Tr. 19).  Plaintiff counters that Dr. Rogozinski's opinion report was completed on October 20, 2004, nearly two years before Mr. Albert's testing was conducted, and there is no indication in the record that Dr. Rogozinski ever performed any testing regarding the functional ability of Plaintiff's hands (P's Brief at 19).  Review of the record reveals Dr. Rogozinski treated Plaintiff for a number of years for his back problems, including radiating leg pain (Tr. 198-275, 402-22).  Dr. Rogozinski was the physician that provided patient status information to the insurance carrier for Plaintiff's worker's compensation claim (see, e.g., Tr. 409-10).  Upon completion of his treatment of Plaintiff, and in cooperation with Plaintiff's then legal counsel, Dr. Rogozinski completed  a questionnaire form entitled Medical Assessment of Ability to Do Work Related Activities (Physical) on October 20, 2004 (Tr. 404-08).  Dr. Rogozinski checked the box for "no" in response to the question on Part III of the medical assessment form, "Are the Claimant's use of Hands Affected by any Impairment?" (Tr. 405).  Dr. Rogozinski also circled the letter "c" in the next section, which indicates that in his opinion Plaintiff can continuously use his left hand and right hand for simple grasping and fine manipulation (Tr. 406).  Nothing in Dr. Rogozinski's treatment notes show Plaintiff was ever treated or tested for his hands.  All of Dr. Rogozinski's treatment centers on Plaintiff's back problems.  However, Defendant's argument on this point, as further discussed below, is inapposite to the real issue at stake.

The opinion evidence of vocational expert Albert, as expressed in both his report (Tr. 124-25) and during sworn testimony (Tr. 532-36) is supported by objective clinical findings. As previously noted, Mr. Albert administered several vocational functioning tests to Plaintiff during the consultative examination on May 2, 2006.  Those reported test results stand as objective clinical findings in the record.[8]  *See* 20 C.F.R. § 404.1513 (d) (evidence from other sources to show the severity of a claimant's impairments and how they affect the claimant's ability to work is considered); 20 C.F.R. § 404.1528 (symptoms, signs and laboratory findings defined); 20 C.F.R. § 404.1529 (evaluation of symptoms includes consideration of all available evidence, including medical signs and laboratory findings and statements about how the symptoms affect the claimant).  Mr. Albert did not base his opinions solely on Plaintiff's statements of pain and medical history, rather he conducted recognized and accepted vocational/medical testing which formed, in part, the basis for his opinions.  His opinions are supported by other evidence of record.

Thus, the Court is constrained to determine substantial evidence does not support the ALJ's finding of fact as to Mr. Albert's opinion evidence.

The Commissioner has a duty to assess a claimant's ability to meet the physical, mental, sensory, and other requirements of work.  20 C.F.R. § 404.1545(a)(4).  The ability to meet the physical demands of work activity, including manipulative or postural functions such as reaching, handling, stooping or crouching is considered in determining a claimant's residual functional capacity. 20 C.F.R. § 404.1545(b).  An inability to perform any of the

---

[8]The Court notes the record is devoid of the actual testing materials reported by Mr. Albert.  However, the Court does not recall ever having seen the actual vocational testing materials included in any underlying record, and has routinely accepted the reported test results.  In this instance, no party has challenged the validity of the test results.

required work demands for an identified job would reduce a claimant's ability to do past work and other work. *Id.*

"Most unskilled sedentary jobs require good use of both hands and fingers; i.e. bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions." SSR 96-9p, 1996 WL 374185, *8 (S.S.A. Jul. 2, 1996); *see also* https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020005!opendocument (last visited Sept. 25, 2008) (The Program Operations Manual System (POMS) under section DI 25020-005 Physical Limitations). "Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base." SSR 96-9p, 1996 WL 374185, *8 (S.S.A. Jul. 2, 1996).

Plaintiff has pointed to substantial evidence he is unable to perform the manipulative work demands of the three jobs posited as work existing in significant numbers in the national economy that he supposedly could perform given his RFC and vocational factors. Plaintiff has rebutted the presumption he can perform the unskilled sedentary positions identified by vocational expert Howell. In her decision, the ALJ does not refer to any contradictory evidence in the record.

Defendant correctly asserts the ALJ was not obligated to accept the testimony from Plaintiff's vocational expert over and above all other evidence of record (D's Brief at 6, citing 20 C.F.R. § 404. 1527(c)(2); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). However, it is the duty of the ALJ to weigh the evidence, resolve conflicts and make findings of fact supported by substantial evidence. 42 U.S.C. § 405(g); *Wheeler v. Heckler*,

12

784 F.2d at 1075.   While the Court's independent review of the record reveals evidence that might be interpreted as contrary to vocational expert Albert's opinion regarding Plaintiff's hand and finger manipulative abilities (*e.g.*, Tr. 406, 435), there is no directly contradictory evidence and the Court is constrained from weighing the evidence or resolving any conflicts of evidence.   *Wheeler v. Heckler*, 784 F.2d at 1075; *Grant v. Richardson*, 445 F,.2d 656 (5th Cir. 1971).[9]

Even if the record contained substantial evidence favorable to the Commissioner, that "may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached." *Russ v. Barnhart*, 363 F.Supp. 2d 1345, 1347 (M.D. Fla. 2005).   When the Court can not discern the basis for the ALJ's decision, a sentence four remand is often appropriate to allow the ALJ to explain the basis for his decision.   *Falcon v. Heckler*, 732 F.2d 827, 830 (11th Cir. 1984).   Such is the case in this matter.

It is well established in the Eleventh Circuit that when a vocational expert is utilized at the fifth step in the sequential evaluation process, the hypothetical questions posed must include all impairments of the particular claimant/plaintiff.   *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985).   Certainly the ALJ may disregard vocational testimony given in response to alternate hypotheticals which the ALJ ultimately determines do not accurately portray the claimant's RFC and vocational characteristics, however, the ALJ must properly discredit the facts underlying those alternate hypotheticals.   *Stephan v.*

---

[9]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Barnhart*, No. 06-2261, 2006 WL 3337489, *5 (E.D. Pa. Nov. 15, 2006) (the ALJ discredited the facts underlying the second, third and fourth hypotheticals posed to the VE, thereby allowing the ALJ to disregard the VE's testimony on these alternate scenarios).  In *Stephan*, the alternate hypotheticals were based upon the plaintiff's subjective complaints, which the ALJ properly discredited.  *Id.*  In this case, however, the ALJ did not actually ask an alternate hypothetical question to vocational expert Howell, but instead inquired into the degree of handling and fingering function required by the identified jobs available as other work in the economy that Plaintiff could perform.  Plaintiff's limitation, or lack of ability, to perform those functions was set forth through vocational expert Albert's testimony, which is supported by the test results discussed above.  The ALJ's finding that Mr. Albert's opinion is not supported by any evidence of record is erroneous.

After learning that Plaintiff had finger and hand manipulative limitations, the ALJ failed to inquire into whether such limitations would erode the unskilled sedentary occupational base, and if so, to what degree.  The ALJ heard the expert testimony of vocational expert Albert concerning Plaintiff's manipulation abilities and presumably reviewed the test results to which Mr. Albert referred (Tr. 533-35).  Once the ALJ inquired into whether the jobs identified by vocational expert Howell required handling and fingering, and the VE responded that all three jobs did require frequent reaching, handling and fingering, the ALJ acquired a basic obligation to probe into what level of erosion this would have on Plaintiff's occupational base.  When vocational expert testimony is relied upon, such testimony should be developed under the proper standard.  An ALJ has a "basic obligation to develop a full and fair record."  *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).

14

As found by the Fifth Circuit, insufficient questioning of the vocational expert may establish good cause to remand a case for further hearing and development of the record. *Johnson v. Harris*, 612 F.2d 993, 997-98 (5th Cir. 1980). Here, the ALJ failed to fully develop the vocational evidence. Moreover, the ALJ's finding of fact pertaining to vocational expert Albert's opinions is not supported by substantial evidence.

Defendant's argument that there is no evidence in the lengthy medical record that Plaintiff sought treatment for hand pain or an inability to use his hands (D's Brief at 6) is unavailing. Plaintiff's treatment for his medical impairments and symptoms is not at issue. At issue is Plaintiff's lack of ability, or limitation, to perform a significant requirement of the work identified as other work available to him in the national economy, in spite of his limitations. It is the functional limitations or restrictions to perform work, not the impairments themselves, which may affect the ability to work. *See* 20 C.F.R. § 404.1545(a). This is a vocational issue where erosion of the work base is key to the disability determination. *See Mason v. Barnhart*, 96 Fed. Appx. 30 (2nd Cir. 2004) (case remanded for further proceedings where evidence existed unskilled sedentary work base was eroded by plaintiff's diminished wrist motion); *Hunt v. Astrue*, No. 2:05-CV-0017, 2008 WL 863055 (N.D. Tex. March 31, 2008) (case remanded with directions to utilize vocational testimony to determine extent of erosion of occupational base of limited range of sedentary work and clarify medical opinion evidence of treating physician).[10]

Plaintiff's argument, which the Court finds persuasive, is that the ALJ never clarified what erosion, if any, Plaintiff's handling and fingering limitations would have on the modified

---

[10]These unpublished opinions are cited for persuasive authority only.

sedentary work base established under Plaintiff's RFC.  As evidence of such limitations, or lack of ability, exists, it was incumbent upon the ALJ to determine its validity through application of proper legal standards.  This she failed to do.

Thus, the Court finds the ALJ's decision is not supported by substantial evidence and was not decided under correct legal standards.  This case will be remanded for further proceedings consistent with this order and opinion.

As the Court has found the ALJ's decision is not supported by substantial evidence, it need not consider the merits of whether the Appeals Council properly denied review because determination on the first issue is dispositive of the case.

The Clerk of Court is directed to enter judgment consistent with this order and opinion and, thereafter, to close the file.  The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits.  *See* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a); *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of September, 2008.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record

16